[NOT FOR PUBLICATION]

 UNITED STATES COURT OF APPEALS
 FOR THE FIRST CIRCUIT
 

No. 97-1058

 ALFRED A. GALLANT, II,

 Plaintiff, Appellant,

 v.

 SGT. DAVID GEORGE, ET AL.,

 Defendants, Appellees.

 

 APPEAL FROM THE UNITED STATES DISTRICT COURT

 FOR THE DISTRICT OF MAINE

 [Hon. Steven J. McAuliffe, U.S. District Judge] 

 

 Before

 Torruella, Chief Judge, 
 Campbell, Senior Circuit Judge, 
 and Boudin, Circuit Judge. 

 

Alfred A. Gallant, Jr. on brief pro se. 

 

 April 24, 1997
 

 Per Curiam. Plaintiff Alfred Gallant, a Maine inmate, 

filed a civil-rights action against thirteen prison officials

in May 1996 complaining of an assortment of alleged abuses.

Accompanying his complaint was a request to proceed in forma 

pauperis. On September 10, 1996, the magistrate-judge 

imposed an initial partial filing fee of $28.00--a figure

representing twenty percent of the average monthly balance in

plaintiff's prison account for the six-month period preceding

the filing of his complaint. See 28 U.S.C. 1915(b)(1). 

When plaintiff failed to pay such fee by the September 30

deadline, the district court dismissed the action without

prejudice. This ruling is now challenged on appeal. 

 Plaintiff objects that he lacked the means to pay the

initial filing fee. The record reveals that during the

relevant period--in May, in September, and at all times in

between--the balance in his prison account stood at zero. A

prisoner cannot be barred from bringing a civil action when

he "has no assets and no means by which to pay the initial

partial filing fee." 28 U.S.C. 1915(b)(4); see also id.  

1915(b)(1) (the court "shall assess and, when funds exist,

collect" an initial fee); see, e.g., Hampton v. Hobbs, 106 

F.3d 1281, 1284 (6th Cir. 1997).

 But while plaintiff's failure to pay the initial filing

fee was thus excusable, his serious default in another regard

cannot be excused. Pursuant to the magistrate-judge's

 -2-

September 10 order, he was directed to file a consolidated,

amended complaint by September 30. Plaintiff never did so,

and never explained his failure to do so. Instead, he simply

submitted a series of frivolous objections pertaining to

other aspects of the magistrate-judge's order. Under these

circumstances, the action could properly have been dismissed

for lack of prosecution. Particularly given plaintiff's

history of abusive litigation, we think it appropriate to

affirm the dismissal on this basis--with the judgment

modified to reflect a dismissal with, rather than without, 

prejudice. See, e.g., Hachikian v. FDIC, 96 F.3d 502, 504 

(1st Cir. 1996) (appellate court may affirm on any

alternative ground made manifest by the record).

 The judgment is modified to provide for dismissal with 

prejudice rather than without prejudice. As so modified, the 

judgment is affirmed.  

 -3-